UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul V. Pope and Gretchen A. Pope,  Civil No. 12-3094 (SRN/JJG)

          Plaintiffs,

    v.  **MEMORANDUM OPINION AND ORDER**

Federal Home Loan Mortgage
Corporation, Wells Fargo Bank, N.A.,
Reiter & Schiller, P.A., Wilford, Geske
& Cook, P.A., and Caitlin Dowling,

          Defendants.

---

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402; for Plaintiffs.

Charles V. Webber and Elizabeth Ann Walker, Faegre Baker Daniels LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402, for Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A.

Curt N. Trisko and Rebecca F. Schiller, Schiller & Adam, P.A., 25 North Dale St., St. Paul, MN 55102, for Defendant Reiter & Schiller, P.A.

Christina M. Snow and David R. Mortensen, Wilford, Geske & Cook, P.A., 8425 Seasons Pkwy., Suite 105, Woodbury, MN 55125, for Defendants Wilford, Geske & Cook, P.A. and Caitlin Dowling.

---

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on Motions to Dismiss filed by Defendants Federal Home Loan Mortgage Corporation (colloquially known as "Freddie Mac") and Wells Fargo Bank, N.A. [Doc. No. 13] and Defendants Reiter & Schiller, P.A., Wilford, Geske & Cook, P.A., and Caitlin Dowling [Doc. No. 14], and a Motion to Remand filed by

Plaintiffs [Doc. No. 24].  For the reasons stated below, the Court grants the Motions to Dismiss, denies the Motion to Remand, and dismisses the Complaint [Docket No. 1-1] with prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Paul and Gretchen Pope are challenging, for at least the third time in this Court, the foreclosure of the mortgage on their Minneapolis home.  The Popes' first lawsuit was a multi-plaintiff action originally filed in state court, then removed to this Court and assigned to the Honorable Donovan W. Frank.  Rother v. Wells Fargo Bank, N.A., Civ. No. 11-1703 (DWF/JSM).  The Rother plaintiffs, including the Popes, voluntarily dismissed that case, and that same day their counsel re-filed the case in state court on behalf of all Rother plaintiffs save one, named in different order than in Rother, with the Popes now as the first named plaintiffs.  The "new" case was once again removed to this Court.  Pope v. Wells Fargo Bank, N.A., Civ. No. 11-2496 (SRN/FLN) (Pope I).  The undersigned presided over Pope I, ultimately dismissing the Amended Complaint in that case for failure to state a claim on which relief could be granted. (Mem. & Order, Civ. No. 11-2496 [Doc. No. 80] (D. Minn. May 23, 2012).)  Although the Pope I plaintiffs took an appeal from the dismissal, they voluntarily dismissed that appeal before any briefing or argument.  (Civ. No. 11-2496 [Doc. No. 104].)

The Popes' Complaint raises five causes of action.  Count 1 seeks a "Determination of Adverse Interests" under Minnesota's quiet title statute, Minn. Stat. § 559.01, and is brought against Freddie Mac.  (Compl. ¶ 33-36.)  Count 2 asks for a

declaratory judgment that the sheriff's sale and deed are void, whether "Plaintiffs owe any obligation to Defendant Freddie Mac or such other Defendants . . . [who] may claim an interest arising out of the mortgage," and that the Popes "remains [sic] the owner of the property in fee title."  (Id. ¶ 39.)  Count 3 claims "Penalties for Deceit or Collusion" under Minn. Stat. § 481.07 against all Defendants.  (Id. ¶¶ 40-49.)  Count 4 claims slander of title against all Defendants.  (Id. ¶¶ 50-55.)  Finally, Count 5 claims that the two law firms and attorney Dowling violated Minn. Stat. § 580.05 and Minn. R. Prof. Conduct 3.3, and that these alleged violations constitute negligence per se.  (Id. ¶¶ 56-66.)

## II.   DISCUSSION

### A.   Motion to Remand

The Popes have moved to remand the case to state court, contending that the doctrine of prior exclusive jurisdiction deprives this Court of jurisdiction over the case.  According to the Popes, because Freddie Mac instituted proceedings in state court to gain title to the Popes' property, this Court may not exercise concurrent jurisdiction over the same property.

There are two problems with the Popes' contentions.  First, Freddie Mac has the unfettered right to remove to federal court any lawsuit in which it is involved.  12 U.S.C. § 1452(f).  The statute is unqualified.  It provides that, "[n]otwithstanding . . . any other provision of law, . . . any civil or other action . . . in a court of a State . . . to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac] . . . to the district court of the United States . . . ."  12 U.S.C. § 1452(f)(3)

(emphases added). Thus, the doctrine of prior exclusive jurisdiction, even if applicable to the instant facts, does not prevent the removal of this case and this Court's continued jurisdiction over the matter.

The second reason the Popes' Motion fails is that prior exclusive jurisdiction is not relevant in the current situation. "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.'" Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)). Here, Freddie Mac has instituted an action under Minn. Stat. § 508.67, which allows an entity purchasing a property at a sheriff's sale (or acquiring the title to property sold at a sheriff's sale, as Freddie Mac did here) to petition in state court for a new certificate of title. Minn. Stat. § 508.67, subd. 1. Although this action undoubtedly affects property, it is in fact in personam— it seeks to clear the title to property against all claims any other person may have to that property. It is, therefore, akin to an action in eviction or in ejectment, which under "long-settled" law are actions in personam. Brinkman v. Bank of Am., N.A., Civ. No. 11-3240, 2012 WL 3582928, at *2 (D. Minn. Aug. 17, 2012) (Tunheim, J.) (citing Curran v. Nash, 29 N.W.2d 436, 438 (Minn. 1947); Whalley v. Eldridge, 24 Minn. 358, 361 (1877)). The doctrine of prior exclusive jurisdiction does not deprive this Court of jurisdiction over this case, and the Popes' Motion to Remand must be denied.

**B.     Motion to Dismiss**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings.  See Fed. R. Civ. P. 12(d).  The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records.  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of

[the claim]." Twombly, 550 U.S. at 556.

**C.     The Claims**

    **1.     Failure to State a Claim**

        **a.     "Quiet Title" and Related Claims**

The Popes' first causes of action depend on several unsupported assumptions. First is the assumption that Freddie Mac acquired an interest in the Popes' property sometime before Wells Fargo purported to deed the property to Freddie Mac in 2011. (Compl. ¶¶ 12-13.)  Second is the contention that an individual who signed a power of attorney empowering Defendant Reiter & Schiller to foreclose on the property "did not have the legal authority to execute" the power of attorney.  (Id. ¶ 15.)  This lack of authority, according to the Popes' theory, deprived Wells Fargo of the ability to foreclose, so Wells Fargo did not receive title to the property at the sheriff's sale and could not have passed title to the property to Freddie Mac.

The Popes allege that "[u]pon information and belief, Freddie Mac acquired its interest in the [] mortgage prior to the commencement" of foreclosure proceedings but "[n]o assignment of mortgage from Wells to Freddie Mac appears in the records of the Ramsey County Recorder."  (Compl. ¶ 16.)  This is precisely the kind of implausible allegation that Twombly and Iqbal prohibit.  The Popes ask the Court to assume that an assignment occurred because they allege it occurred.  But there is a more plausible explanation for the absence of any assignment in the Ramsey County records:  there was no such assignment.  The Court need not accept as true implausible allegations, as offered by the Popes here.  To the extent their claims depend on this alleged unrecorded

6

assignment, those claims fail to state claims on which relief can be granted.

The allegation regarding alleged lack of authority to sign documents is no more plausible. Mr. Butler has insisted for more than two years that the individual named in this and many other complaints, a Ms. China Brown, lacked legal authority to sign on behalf of Wells Fargo. He has yet to produce any evidence in support of this speculative assertion. But even if Ms. Brown did not have the authority to bind Wells Fargo, then whatever harm caused by that lack of authority is harm to Wells Fargo, not to the Popes or any other borrower. See Kenneally v. First Nat'l Bank of Anoka, 400 F.2d 838, 842 (8th Cir. 1968) ("[O]nly those who have acted in reliance upon the apparent authority of the agent are entitled to recover where the agent possessed no actual authority."). There is no allegation that Ms. Brown somehow falsely set in motion the foreclosure process despite the Popes' prompt payment of their monthly mortgage obligations. If she had done this, then the Popes could perhaps claim injury. But there is no claim that the foreclosure process itself was unwarranted; indeed, the Popes admit that they defaulted on their mortgage in 2010, more than three years ago. Thus, even assuming that Ms. Brown was not authorized to sign the documents she signed, the Popes have suffered no harm as a result and do not have standing to challenge her alleged lack of authority. See, e.g., Bennett v. Spear, 520 U.S. 154, 162 (1997) (noting that, to establish standing, a plaintiff must "demonstrate that he has suffered [an] injury in fact [and] that the injury is fairly traceable to the actions" complained of). The Popes' allegations fail to state a claim on which relief can be granted and must be dismissed on this basis alone.

      **b.**     **Slander of Title**

The Popes' slander-of-title claim also fails because they have not alleged sufficient plausible facts to constitute such a claim.  To prevail in a slander-of-title action, a plaintiff must show (1) a false statement concerning the plaintiff's real property; (2) that was published to others; (3) and was made maliciously; and (4) that such publication caused pecuniary loss in the form of special damages.  Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000).

The Popes' Complaint alleges that Wells Fargo, Freddie Mac, and Reiter & Schiller recorded documents that were "false and were not executed by legally authorized persons" and that Wilford, Geske & Cook "knew or should have known that the documents contained false information."  The Complaint does not specify which particular documents contained false information nor the content of such information.  An examination of the documents in the public record shows that, even taking the Popes' allegations as true, there are no statements in any publicly recorded document that could constitute a cloud on the title to the Popes' property.  An unauthorized assignment may be technically false, but it does not cloud the title to property on which the mortgagee has undisputedly defaulted.  The only cloud on the title of the Popes' property is a cloud of their own making:  they did not make the payments due under their mortgage and as a result, they lost their property through foreclosure.  The allegations in the Complaint, along with the documents in the public record, do not establish the elements of a slander-of-title claim, and this claim must be dismissed.

  c. **Negligence Per Se**

Similarly, the Popes' negligence per se claim fails on its face.  As an initial matter,

there is no private right of action to enforce violations of the Rules of Professional Conduct, nor do those Rules create any presumption that a legal duty has been breached. Leonard v. Dorsey & Whitney, LLP, 553 F.3d 609, 628 (8th Cir. 2009). Thus, the Popes cannot rely on Rule 3.3 to establish their negligence per se claim.

The alleged violation of Minn. Stat. § 580.05, which requires attorneys conducting a foreclosure to have a recorded power of attorney before foreclosure, likewise does not give rise to a presumption of negligence. As discussed above, the "facts" underlying the alleged violation of § 580.05 are implausible speculation and do not support the claims brought. Further, "[n]o state or federal court has ever found a violation of Minn. Stat. § [] 580.05 to be negligence per se." Stilp v. HSBC Bank USA, N.A., Civ. No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013) (Montgomery, J.). "[T]here is no indication that § [] 580.05 [is a] negligence per se statute[]." Id. The Popes' negligence per se claim is, as Judge Montgomery noted, "more 'smoke and mirrors.'" Id. (quoting Welk v. GMAC Mortg., 850 F. Supp. 2d 976, 1003 (D. Minn. 2012) (Schiltz, J.)).

    d.  **"Penalties for Deceit or Collusion" under Minn. Stat. § 481.07**

Count 3 of the Complaint purports to raise a claim under Minn. Stat. § 481.07. This section and the following section provide for damages for a party injured by an attorney's fraudulent representations in a judicial proceeding. Minn. Stat. §§ 481.07, 481.071. But these sections do not provide a substantive cause of action. Rather, they "merely provide the penalty for a successful cause of action with respect to the offending attorney conduct." Beardmore v. Am. Summit Fin. Holdings, LLC, Civ. No. 01-948,

2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001) (Frank, J.).

> [I]n order to properly assert a claim for damages under either statute, the plaintiff must: (1) specifically allege a claim of fraud as the underlying cause of action, in compliance with Fed. R. Civ. P. 9(b); and (2) show that the offending attorney conduct occurred within the context of a judicial proceeding.

Id. (citing Baker v. Ploetz, 616 N.W.2d 263, 272 (Minn. 2000)).  There is no claim for fraud underlying this or any Count in the Popes' Complaint, and no attempt to comply with the heightened pleading requirements for fraud in any event.  Thus, even if the Popes' allegations were plausible, the Popes have failed to make out a claim for a violation of Minn. Stat. § 481.07.

**2.     Preclusion**

There is another reason the Popes' Complaint must be dismissed:  they are precluded from bringing this lawsuit because they have already litigated, and lost, their challenge to the foreclosure of their home.

Whether called res judicata, collateral estoppel, or claim or issue preclusion, this fundamental principle of jurisprudence means that "'[a] party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action with a new theory.'"  Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 450 (8th Cir. 1979) (quoting Bhd. of R.R. Trainmen v. Chicago, M., St. P. & P. R.R., 380 F.2d 605, 608 n.5 (D.C. Cir. 1967)).  This case presents "a classic example of a litigant, having failed to recover on his initial theory, attempting to relitigate the same claim under a different theory of recovery."  Id. at 448 (quoting Williamson v. Columbia Gas & Elec. Corp., 186 F.2d 464, 470 (3d Cir. 1950)).

Mr. Butler argues that this lawsuit is not the same as the Popes' previous two lawsuits, because Freddie Mac was not involved in the prior cases. But the test for whether lawsuits involve the same cause of action is "whether the wrong for which redress is sought is the same in both actions," <u>Woodbury v. Porter</u>, 158 F.2d 194, 195 (8th Cir. 1946), not whether the parties are identical. The Popes' contention in this lawsuit is that Wells Fargo had no authority to foreclose on their residential mortgage. This is the same argument raised in both of the previous lawsuits. The legal theory is slightly different, but the wrong is the same. Thus, principles of preclusion bar this matter from going forward.

Moreover, Freddie Mac was in privity with Wells Fargo, which was a party to the previous lawsuits. When determining privity, the question is whether the party in the present case is "so identified in interest with [the party in the previous case] that they represent the same legal right." <u>Rucker v. Schmidt</u>, 794 N.W.2d 114, 118 (Minn. 2011). Wells Fargo and Freddie Mac are sued here because they are the past and current owners/mortgagors for the Popes' property. The legal rights of these two entities vis-a-vis the property are inextricably intertwined. Accordingly, Freddie Mac is in privity with Wells Fargo and the previous lawsuits present a preclusive bar to further litigation involving these parties and the validity of the foreclosure process.

The final argument against preclusion raised by the Popes is that they did not know of Freddie Mac's involvement with their property until after <u>Pope I</u> was filed. But the Popes allege here that Freddie Mac contacted them in August 2011 to inform them that it

now owned their home. (Compl. ¶ 25.) The Pope I complaint was amended on September 28, 2011, more than six weeks after the Popes learned that Freddie Mac claimed an interest in their property. Their failure to bring claims against Freddie Mac in Pope I precludes them from bringing those claims in a new lawsuit, and this case must be dismissed.

**D.      Conclusion**

The allegations in this case do not state a claim on which relief may be granted and is barred by res judicata and collateral estoppel in any event. The Complaint will be dismissed with prejudice.

**III.     ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Doc. Nos. 13 & 14] are **GRANTED**;

2. Plaintiffs' Motion to Remand [Doc. No. 24] is **DENIED**; and

3. The Complaint [Doc. No. 1-1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 22, 2013                              s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge